## Petition to Amend Birth Record of S. Z.

*Samuel Kenin,* for petitioner.
*Joseph L. Cohen,* for Commonwealth.

KLEIN, P. J., March 8, 1956.—S. Z., who is six years of age, was born out of wedlock. A petition has been filed by the parents, pursuant to the provisions of Act No. 116, approved August 4, 1955, to correct his birth record which is based upon fictitious information furnished by the mother at the time of his birth. The act amends clause 15 of section 301 of the Orphans' Court Act of August 10, 1951, P. L. 1163,

which, inter alia, granted exclusive jurisdiction to the Orphans' Court of:

"Birth Records. Matters relating to birth records, as provided by law."

The meaning of this provision was not entirely clear.*

Previous to its enactment the Orphans' Court manifestly had jurisdiction under the provisions of the Act of July 16, 1941, P. L. 405, as amended, to correct or amend birth records of persons born prior to January 1, 1906. Real doubt existed, however, concerning the jurisdiction of local courts to grant relief to persons born after that date. The late Judge Mawhinney, in the leading case on the subject, In re Halohan Petition, 80 D. & C. 582 (1952), concluded that the only remedy, if any, was by appeal under the provisions of the Administrative Agency Law of June 4, 1945, P. L. 1388, to the Court of Common Pleas of Dauphin County.

In view of the tremendous importance to the body politic of maintaining an accurate system of recording births, deaths, marriages, etc., the legislature by the aforesaid Act No. 116 of August 4, 1955, in order to correct the anomalous situation which existed, conferred exclusive jurisdiction upon the Orphans' Court in all matters relating to the recording, amendment or correction of birth certificates, regardless of the date of birth of the person whose birth record is in question. The amendatory statute provides:

"Section 301. EXCLUSIVE JURISDICTION. The orphans' court shall have exclusive jurisdiction of: . . . (15) BIRTH RECORDS. All proceedings which may be necessary to be presented to a court for determination with regard to issues concerning recordation of birth

---

* See "Some Suggested Legislative Changes" by Klein, P. J. (O. C., Phila.), Pa. Bar Assn. Quarterly, October 1952.

and birth records, or the alteration, amendment or modification of such birth records or the right to obtain a certified copy of the same. Whenever a person is entitled to take an appeal from the action of the Department of Health in connection with any matters concerning birth records, the appeal shall be taken to the orphans' court of the county in which the person is a resident. In all other matters in which a petition is addressed to a court, in connection with matters of birth records, the filing of which petition is not in the nature of an appeal but is an original proceeding, shall be filed and determined by the orphans' court of the county in which the petitioner resides."

As the present case is the first to be filed under the new law, it is in order to discuss the basic preliminary precautions to be observed in all such cases before a decree is entered.

It is obvious that many grave problems of serious social import will arise in these cases. In this postwar period of rapidly changing mores many unwed mothers, as well as married women who bear children while separated from their husbands, furnish the Bureau of Vital Statistics with false information concerning their identities, to cover up their misdeeds. Comprehensive investigations should be made in each case to ascertain the true factual situation. Unfortunately, the various orphans' courts of the State are completely lacking in personnel or facilities to undertake such investigations. In administering the 1941 Act, hereinbefore referred to, this court appointed standing masters who were paid from a special fund appropriated by City Council for that purpose. No such fund is available at the present time. We have, therefore, decided to refer all future petitions to amend birth records to a standing master, whose fee will be paid by the petitioners, in a sum to be determined by the court.

All original proceedings, as well as appeals from the action of the Department of Health, should be instituted by petition requesting the issuance of a citation directed to the Chief, Bureau of Vital Statistics, Department of Health of the Commonwealth of Pennsylvania and to all other interested parties. Service of the citation upon the bureau chief by registered mail will be sufficient. *Personal* service should, in every case, be made upon the person who was the lawful husband of the child's mother at the time the child was conceived. This requirement should not be waived except for the most compelling reasons. If the property rights of other persons are involved they should also be made parties to the proceedings.

Efforts have already been made in our court, in order to save costs and expenses, to resort to petitions to amend birth records as a substitute for adoption and change-of-name proceedings. Such practice will be discouraged.

With these precepts before us let us examine the facts in the present case. S. Z., the child on whose behalf the petition has been filed by his parents, was born in May of 1949, at which time the parents were unmarried. In order to conceal her own identity and to give the child the appearance of legitimacy, the mother gave a fictitious name for the child's father and substituted her mother's maiden name for herself. Subsequently, the child's parents were married and now have a second child. Neither of them has ever been married before. Under the circumstance of this case, we are satisfied that the relief sought should be granted, as no objection has been voiced by anyone who might have any interest in the proceedings.

This being the first proceeding under the new act in this court, Joseph L. Cohen, Assistant Deputy Attorney General, attended the hearing on behalf of the Commonwealth. The following decree was sub-

mitted to, and approved by, Mr. Cohen, as a suggested model for future decrees and to conform with the requirements of the Division of Vital Statistics of the Department of Health of the Commonwealth of Pennsylvania.

## Decree

And now, to wit, March 8, 1956, pursuant to hearing duly held, at which all interested parties were present and represented by counsel, it appears to the satisfaction of the court:

1. That F. A. and M. A. are the natural parents of S. Z., a minor, six years of age;

2. That at the time of the birth of said minor on the ........ day of .............., 1949, the said parents were unmarried but were subsequently married on the ....... day of ............, 19...; and

3. That the said parents presently live together as husband and wife and support said minor, S. Z., who forms part of their household.

Now, therefore, upon motion of Samuel Kenin, Esq., attorney for petitioners, and under authority of section 301 (15) of the Orphans' Court Act of August 10, 1951, P. L. 1163, as amended by the Act of August 4, 1955, Act No. 116, it is

## Ordered and Decreed

That the Chief, Division of Vital Statistics, and State Registrar of the Department of Health of the Commonwealth of Pennsylvania shall correct and amend birth registration No. 17007 so that the name of the child, S. Z., shall be changed to S. A.; that the name of the mother of said child shall be changed from M. Z. to M. A.; that the name of the father of said child shall be changed from F. Z. to F. A.; and that the following shall be added to the registration with respect to said father: Age, 35; Color, White; Birthplace, Philadelphia, Pennsylvania; Occupation, Salesman; and Industry or Business, Jewelry.